## ZERBE TOWNSHIP APPEALS.

PHILADELPHIA AND READING COAL AND IRON
COMPANY, Appellant.

No. 125, January Term, 1935.

EBENEZER GREENOUGH ESTATE, Appellant.

No. 126, January Term, 1935.

These appeals involve lands lying in Zerbe Township, Northumberland County. The Philadelphia and Reading Coal and Iron Company owns almost all of the coal lands in this township, and except for the Hubley tract in this township, all of this property is owned in fee. As in Coal Township, the Hubley tract is mined under a royalty agreement. The company owns an undivided three-fourths interest in this tract, and the Ebenezer Greenough Estate is the owner of thirty-nine fortieths of the remaining quarter interest. Both owners have appealed from the assessments made upon their lands. The holdings of appellants include over forty-seven hundred acres, and constitute the greater part of the entire area of the township.

Roughly, the tracts involved in these appeals fall into four classes. The Hubley tract has been mined for many years and is now in active operation. In the workings on this tract, however, there is a large and serious fire which the company has been unable to extinguish. The fire has been confined by barrier pillars, but its continued existence has prevented mining at the lower levels. From a comparison of the values placed on this tract with those given to other tracts being actively operated and not affected by fire, we have concluded that the court below gave insufficient weight to this factor.

Adjacent to the Hubley tract is a tier of four nearly virgin tracts. They have been developed to a consider-

able extent and are now the scene of active operations. In addition to the tracts now being mined, there are a number of tracts which the company is holding in reserve. These have never been developed or mined, but because of their location adjacent to the workings of the company, they are favorably situated for development. The court below, however, valued these tracts as highly as similar tracts now in operation. For the reasons which we have stated we think the court erred in so doing.

Then there are a number of contiguous tracts comprising approximately half of the company's holdings in this township, which were formerly operated from the North Franklin Colliery. The mine last named was closed in 1929, and the workings permitted to fill with water. In 1931 the breaker was destroyed by fire. The mine was abandoned, appellants' witnesses said, for the reason that the coal from this territory was of inferior quality, and could no longer be sold. Zerbe Township is at the western extremity of the anthracite coal fields, and as the limit of the coal deposits is approached, the coal becomes softer and less marketable. It was testified that the appellant company still has in storage sixty-five thousand tons of coal from this mine which it has been unable to sell. Moreover, there is a fire along the western outcrop in the lower veins on one of these tracts. It would require considerable expenditure to build a new breaker, pump out the mine, and put it into operation again. These are most important factors, and in our opinion the court below erred in not giving full effect to them in revising the assessments upon these tracts.

The remainder of the company's lands in this township are barren, and not underlaid with coal. One small barren tract was purchased for use as a refuse bank by the appellant company in 1926 at a price of twenty dollars an acre, and was so used until the abandonment of the North Franklin mine in 1929. The court below valued this tract at fifty dollars an acre, and using the fifty

per centum ratio applied in Northumberland County,[10] fixed the assessment for the nine acres at two hundred and twenty-five dollars, at the figure of twenty-five dollars an acre. It would seem apparent that land used for the dumping of mine refuse is not thereby enhanced in market value, yet the value given this property by the court below is higher than that which it gave to barren land in other parts of the county. This assessment should be reduced.

The modifications which we have made reduce the total assessments before us for review in these two appeals from $3,616,490 to $3,198,247.50.

The decrees in No. 125, January Term, 1935, and No. 126, January Term, 1935, are modified, and the record remitted to the court below that an order may be made carrying into effect the modifications set forth in the appendix attached hereto. Costs to be paid by appellees.

---

[10] Assessments in Northumberland County are at fifty per centum of the real value, so that for the purpose of comparison the assessment figures must be doubled.